**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEO WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>VANESSA FANG, et al.,<br><br>Defendants. | No. 1:26-cv-14220-JEK |

**ORDER**

**KOBICK, J.**

On September 15, 2026, plaintiff Leo Washington, proceeding *pro se*, filed a one-page civil complaint and a motion for leave to proceed *in forma pauperis*. ECF 1, 2. The case caption of the complaint identifies dozens of defendants. ECF 1. The body of the complaint consists of the following two sentences:

1. Certain Defendants modified public record,
2. A censure is to be ordered.

*Id.* No other facts are alleged.[1]

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the plaintiff must have standing—that is, the plaintiff "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable

[1] According to information available on the federal courts' PACER (Public Access to Court Electronic Records) platform, on September 14, 2026, Washington filed a case titled "*Washington v. Fang, et al.*" in ten different federal district courts.

ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009). Here, Washington does not set forth a claim for which he has standing. Among other things, he does not identify any conduct by the defendants that allegedly injured him personally. Accordingly, and in the absence of a case or controversy over which the Court could exercise jurisdiction, this action is DISMISSED for lack of subject matter jurisdiction, and Washington's motion to proceed *in forma pauperis*, ECF 2, is DENIED as moot.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2026